2023 IL App (1st) 220853

No. 1-22-0853

Opinion filed August 9, 2023

Third Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| DIANA MOLES, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 L 11082 |
| | ) | |
| ILLINOIS FARMERS INSURANCE COMPANY, | ) | Honorable |
| | ) | Thomas More Donnelly, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE R. VAN TINE delivered the judgment of the court, with opinion.[1]
Presiding Justice McBride and Justice Reyes concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff, Diana Moles, appeals the trial court's grant of a motion for a directed finding in

favor of her automobile insurance provider, Illinois Farmers Insurance Company (Farmers). The

trial court concluded that plaintiff could not, as a matter of law, seek attorney fees, costs, or

statutory damages pursuant to section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West

2016)), as she did not prevail on any underlying claim based on her insurance policy. On appeal,

_____

[1] Justice Rena Marie Van Tine is participating as a member of the panel in place of the now-
retired Justice Eileen O'Neill Burke.

plaintiff argues that Illinois law allows her to pursue a stand-alone section 155 claim, even though her breach of contract claim against Farmers was dismissed and she released all other policy-based claims against Farmers pursuant to a settlement agreement. For the following reasons, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3     This appeal centers on section 155 of the Insurance Code, which we set out here for context. Section 155 provides that

> "[i]n any action by or against a company wherein there is in issue the liability of a company
>
> on a policy or policies of insurance or the amount of the loss payable thereunder, or for an
>
> unreasonable delay in settling a claim, and it appears to the court that such action or delay
>
> is vexatious and unreasonable, the court may allow as part of the taxable costs in the action
>
> reasonable attorney fees, other costs, plus an amount not to exceed any one of the following
>
> amounts:
>
>> (a) 60% of the amount which the court or jury finds such party is entitled to recover
>>
>> against the company, exclusive of all costs;
>>
>> (b) $60,000;
>>
>> (c) the excess of the amount which the court or jury finds such party is entitled to
>>
>> recover, exclusive of costs, over the amount, if any, which the company offered to pay
>>
>> in settlement of the claim prior to the action." *Id.* § 155(1).

¶ 4     Plaintiff's vehicle was rear-ended by a motorist named Joseph Mills in Chicago on July 18, 2016. As a result of the accident, plaintiff suffered physical injuries and incurred medical expenses and lost wages. Mills was insured by Progressive Insurance Company (Progressive), with a policy limit of $25,000. Plaintiff made a claim against Progressive and an underinsured motorist claim

pursuant to her policy with Farmers because her losses exceeded $25,000. She agreed with Farmers' insurance adjuster, Corinne Hazen, to stay arbitration of her underinsured motorist claim while she resolved her claim against Progressive. In the meantime, plaintiff provided Hazen with documentation of her injuries and damages. After an investigation, Hazen gave plaintiff permission to accept the $25,000 policy limits from Progressive, which plaintiff did.

¶ 5    On April 26, 2018, plaintiff demanded $460,000 in underinsured motorist coverage from Farmers. On May 9, 2018, Hazen offered to settle plaintiff's underinsured motorist claim for $126,155 and informed plaintiff that she had referred the matter to an attorney to handle arbitration. Plaintiff rejected this settlement offer and did not make a counteroffer. Throughout the summer of 2018, the parties disputed written discovery issues, the selection of the arbitrator, and whether liability would be at issue in arbitration.

¶ 6    On October 12, 2018, plaintiff sued Farmers in the circuit court of Cook County. Her complaint alleged one count for breach of contract and one count under section 155.[2] The breach of contract claim alleged that Farmers "refused to timely participate [in] and follow the arbitration provision of the aforementioned insurance policy." The section 155 claim alleged that Farmers had engaged in "a continuing course of conduct *** to unreasonably delay payment to plaintiff."

¶ 7    Farmers moved to dismiss plaintiff's complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2016)). Farmers argued that plaintiff failed to state a

---

[2]Plaintiff's original complaint designated the alleged underlying facts as "Count I," the breach of contract claim as count II, and the section 155 claim as count III. Her amended complaint designated the alleged underlying facts as "Count I" and the section 155 claim as count II. As explained below, section 155 does not create an independent cause of action, so it is somewhat misleading to say that plaintiff pled a section 155 "claim." It is more accurate to say that plaintiff sought attorney fees, costs, and statutory damages pursuant to section 155. However, because plaintiff attempted to frame her request for relief under section 155 as a stand-alone count, and because that is the central issue of this appeal, we will refer to it as her section 155 "claim."

claim for breach of contract because the exhibits attached to her complaint established that the arbitration process was ongoing when she filed suit. Farmers also contended that plaintiff could not recover section 155 attorney fees, costs, or statutory damages in the absence of a successful breach of contract claim. In response, plaintiff argued that the exhibits showed that Farmers refused to communicate with her and created meritless discovery disputes for the purpose of delay. The trial court granted Farmers' motion in part, dismissing plaintiff's breach of contract claim without prejudice and staying the section 155 claim pending arbitration.

¶ 8 On October 22, 2019, the parties settled plaintiff's underinsured motorist claim for $340,000 without arbitration. Plaintiff released Farmers "from any and all rights, claims, demands and damages of any kind *** with respect to the personal injuries received and the causes of action for those injuries arising from the automobile accident of July 18, 2016 at or near Chicago, IL." The release was "given in full satisfaction of all claims which [plaintiff] might have under Policy 0192204711 *** and in particular, is a release of claims or rights of action with respect to any claims for underinsured motorist benefits provided by said policy."

¶ 9 Following the settlement and release, Farmers moved to dismiss plaintiff's section 155 claim, pursuant to section 2-619.1 of the Code of Civil Procedure (*id.* § 2-619.1). Farmers argued that plaintiff had released any claim to attorney fees and costs and could not maintain a stand-alone section 155 claim in the absence of a successful breach of contract claim. Plaintiff contended that the release was silent as to her section 155 claim and that she could proceed on that claim because Farmers acted with unreasonable delay in settling her underinsured motorist claim. The trial court denied Farmers' motion, finding that the release did not encompass section 155 relief and that plaintiff could pursue a stand-alone section 155 claim because there was no finding that her breach

of contract claim failed on its merits. Rather than failing on the merits, "the parties simply settled the breach of contract claim."[3]

¶ 10    The parties filed cross-motions for summary judgment on plaintiff's section 155 claim. Farmers' motion argued that only five months passed between plaintiff's rejection of its settlement offer and her filing suit and that Farmers was in "near constant" communication with her regarding arbitration during that time. Farmers also contended that there was a *bona fide* dispute regarding plaintiff's damages, as demonstrated by her acceptance of a settlement that was $120,000 less than her initial demand. Plaintiff's motion argued that filing this lawsuit was necessary to put an end to Farmers' delay tactics and caused Farmers' settlement of her underinsured motorist claim. The trial court denied both motions, finding that plaintiff rejected Farmers' initial settlement offer and, thereafter, Farmers continued trying to settle while plaintiff refused and demanded arbitration. The court also found that plaintiff's section 155 damages were in dispute because Farmers' initial offer "may have been unreasonable."

¶ 11    Plaintiff filed an amended complaint alleging one count pursuant to section 155, and that claim proceeded to a bench trial.[4] At the close of plaintiff's evidence, Farmers moved for a directed finding. Farmers argued that plaintiff could not obtain attorney fees, costs, or statutory damages under section 155 because she did not prevail on her dismissed breach of contract claim and because there was a *bona fide* dispute regarding the value of her underinsured motorist claim; thus, Farmers' conduct in resolving that claim was not vexatious. Plaintiff contended that section 155

---

[3]The trial court was not entirely accurate on this point. Plaintiff's breach of contract claim, which alleged Farmers' failure to participate in arbitration in violation of the insurance policy, was dismissed. Plaintiff settled her underinsured motorist claim with Farmers.

[4]Because the trial court resolved Farmers' motion for a directed finding entirely as a matter of law, and we do the same, we need not recite the trial evidence here.

allows a stand-alone cause of action if an insurance company delays payment to its insured. In the alternative, Plaintiff argued that her amended complaint implicitly alleged breach of contract because it claimed that Farmers did not "timely offer[ ] a reasonable amount" to resolve her underinsured motorist claim.

¶ 12 The trial court granted Farmers' motion for a directed finding. Citing *Cramer v. Insurance Exchange Agency*, 174 Ill. 2d 513 (1996), and *Kroutil v. State Farm Mutual Automobile Insurance Co.*, 2021 IL App (4th) 210238, the court concluded that plaintiff could not recover section 155 attorney fees, costs, and statutory damages without a successful "action on the policy." The court explained that section 155 does not create liability; it merely provides an extracontractual "remedy for policyholders who have suffered unreasonable and vexatious conduct by insurers with respect to a claim under the policy."

¶ 13 Plaintiff timely appealed.

¶ 14                                    II. ANALYSIS

¶ 15 On appeal, plaintiff contends that the trial court should have denied Farmers' motion for a directed finding and should have allowed her to pursue section 155 relief. She argues that Illinois law allows a stand-alone section 155 claim, even though her breach of contract claim against Farmers was dismissed.

¶ 16 In a bench trial, section 2-1110 of the Code of Civil Procedure (735 ILCS 5/2-1110 (West 2016)) allows the defendant to make a motion for a directed finding at the close of the plaintiff's case. *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 275 (2003). When the defendant makes such a motion, the trial court must first determine whether the plaintiff has presented a *prima facie* case as a matter of law. *Id.* To establish a *prima facie* case, the plaintiff must introduce some

evidence of every element of her claim. *Id.* If the plaintiff has failed to do so, then the trial court must grant the motion and enter judgment in favor of the defendant. *Id.*

¶ 17    If the plaintiff has presented a *prima facie* case, then the trial court must consider the totality of the evidence by weighing the evidence, determining the credibility of witnesses, drawing reasonable inferences, and deciding whether the plaintiff's *prima facie* case survives. *Id.* at 275-76. If sufficient evidence supports the plaintiff's *prima facie* case, then the court must deny the defendant's motion for directed finding and continue the trial. *Id.* at 276. If sufficient evidence does not exist, then the court must grant the motion for directed finding and enter judgment in the defendant's favor. *Id.* If the trial court granted the motion for directed finding at the first step, then our review is *de novo*, but if the court granted the motion at the second step, then our review is pursuant to the manifest weight of the evidence standard. *Id.* at 275-76.

¶ 18    It appears that the trial court resolved Farmers' motion for a directed finding at the first step. The court ruled that, as a matter of law, plaintiff could not maintain her section 155 claim in the absence of a successful breach of contract claim.[5] The court did not weigh or draw inferences from the evidence, nor did it analyze the credibility of witnesses, which are tasks that it would undertake at the second step. Accordingly, our review is *de novo* (see *id.* at 275), meaning that we perform the same analysis as the trial court (see *Haage v. Zavala*, 2021 IL 125918, ¶ 41).

---

[5]Although the parties do not directly raise this issue, we briefly address the procedural propriety of the trial court's ruling. The trial court did not discuss whether plaintiff presented a *prima facie* case, *i.e.*, whether she presented evidence on every "element" of her section 155 "claim." However, we find no error in this approach. The trial court correctly concluded that plaintiff could not, as a matter of law, bring a stand-alone section 155 "claim," so there were no "elements" for her to prove. It is proper for a trial court to resolve questions of law at the first step of the analysis on a motion for a directed finding. See *Cryns*, 203 Ill. 2d at 275.

¶ 19    Section 155 allows a plaintiff to recover attorney fees, costs, and statutory damages from an insurer that unreasonably delayed or denied payment of an insurance claim. *Hoover v. Country Mutual Insurance Co.*, 2012 IL App (1st) 110939, ¶ 39 (citing *Cramer*, 174 Ill. 2d at 521). In *Cramer*, our supreme court held that section 155 "provides an extracontractual remedy to an action on a policy" and "presupposes an action on the policy." *Cramer*, 174 Ill. 2d at 523-24. That is, section 155 does not create an independent tort for which an insurance company can be held liable. *Id.* at 523-27. Rather, "for a plaintiff to recover under section 155, [s]he must also succeed in the action on the policy." *Hoover*, 2012 IL App (1st) 110939, ¶ 40; see also *Hennessy Industries, Inc. v. National Union Fire Insurance Co. of Pittsburgh*, 770 F.3d 676, 679 (7th Cir. 2014) (because "section 155 is procedural rather than substantive, we note that it provides a remedy in a specified type of 'action' (case); it does not create a cause of action; it presupposes rather than authorizes a suit").

¶ 20    Plaintiff's original complaint alleged two counts: a breach of contract claim for Farmers' alleged refusal to participate in arbitration and a section 155 claim. Plaintiff's breach of contract claim was an "action on the policy" because she alleged that Farmers refused to participate in arbitration that the policy required. However, that breach of contract claim was not successful. It was dismissed and never reinstated, so it cannot support plaintiff's claim for section 155 relief. After the dismissal of her breach of contract claim, plaintiff did not pursue any "action on the policy" in court. The only claim she pursued in court was her section 155 claim. Plaintiff did have "success" in that she settled her underinsured motorist claim with Farmers for $340,000, but that claim was not an "action on the policy." It was simply a dispute about plaintiff's damages that was

settled out of court. Because plaintiff's section 155 claim was not connected to any extant action on the policy, she could not recover under section 155.

¶ 21    *Kroutil* supports this conclusion. In *Kroutil*, the plaintiff sued her automobile insurance provider, alleging breach of contract for the company's refusal to pay damages for her underinsured motorist claim and a section 155 claim. *Kroutil*, 2021 IL App (4th) 210238, ¶ 5. The parties resolved the plaintiff's underinsured motorist claim in arbitration, with the plaintiff receiving a $150,000 award. *Id.* ¶ 6. Thereafter, the plaintiff filed an amended complaint seeking only section 155 fees, costs, and statutory damages. *Id.* ¶ 1. The trial court dismissed the plaintiff's section 155 claim pursuant to section 2-619.1 of the Code of Civil Procedure. *Id.* ¶ 11. The Fourth District affirmed, explaining that the

> "plaintiff did not pursue her breach of contract claim in her second-amended complaint. Thus, her section 155 claim is not connected to an action on the policy. Without citation of the record, plaintiff contends she won her breach of contract claim and defendant paid damages for its breach of contract. However, according to the documents related to the arbitration stay, the arbitration was on plaintiff's initial underinsured motorist claim, and defendant paid plaintiff what she was owed for her underinsured motorist claim. The arbitration was not on whether defendant breached the insurance policy. Thus, plaintiff did not win a breach of contract action." *Id.* ¶ 19.

¶ 22    In *Kroutil*, the plaintiff obtaining an arbitration award on her underinsured motorist claim did not constitute success on an action on the policy that could support a stand-alone section 155 claim. It follows that, in this case, plaintiff obtaining a settlement of her underinsured motorist claim does not constitute success in an action on the policy that can support a stand-alone section

155 claim. Plaintiff pled breach of contract based on failure to arbitrate. That claim was dismissed. The parties settled the underinsured motorist claim out of court, and all potential in-court actions on the policy ceased to exist by operation of the release. At that point, section 155 relief was no longer available.

¶ 23   Plaintiff argues that the "plain language of 215 ILCS 5/155 provides that an action pursuant to this statute can be maintained where there is a breach of contract *or* a vexatious or unreasonable delay." (Emphasis in original). Plaintiff misreads the language of this section. This language lists the types of claims against insurance companies that may be eligible for section 155 relief: (1) lawsuits that place at issue whether the company is liable to pay for loss pursuant to an insurance policy, (2) assuming liability, lawsuits involving how much the company must pay pursuant to the insurance policy, or (3) lawsuits about whether the company is liable to pay for an unreasonable delay in settling a claim. 215 ILCS 5/155(1) (West 2016). Section 155 does not *create* an action for unreasonable delay in settling a claim. Rather, an action alleging unreasonable delay in settling an insurance claim is one of three types of lawsuits that *trigger the application* of section 155. This interpretation is consistent with our supreme court's holding that section 155 presupposes, rather than authorizes, a suit. *Cramer*, 174 Ill. 2d at 523-24.

¶ 24   Section 155 is essentially a fee-shifting provision that rewards a prevailing party for successful litigation against a vexatious insurance defendant. Section 155 is titled "Attorney fees" (215 ILCS 5/155 (West 2016)), and its earlier versions allowed only limited awards of attorney fees (*Cramer*, 174 Ill. 2d at 519-20). Section 155 provides that "the court may allow *as part of the taxable costs in the action* reasonable attorney fees[ and] other costs." (Emphasis added.) 215 ILCS 5/155(1) (West 2016). That is, it adds taxable costs at the end of a successful lawsuit; it does not

serve as the basis for initiating a new cause of action. Moreover, the subsections that govern statutory damages contemplate that there first be an award of contractual damages following a trial. Subsection (1)(a) caps statutory damages at "60% of the amount which the court or jury finds such party is entitled to recover against the company." *Id.* § 155(1)(a). Subsection (1)(c) addresses statutory damages when the insurer offered to settle the case prior to the action, *i.e.*, when the underlying insurance claim was *not* settled, and the insured filed a lawsuit and won. *Id.* § 155(1)(c). Plaintiff did not prevail on her breach of contract claim against Farmers; it was dismissed. Thus. the fee-shifting mechanism of section 155 does not come into play.

¶ 25    Plaintiff cites several cases for the proposition that "as long as there is insurance coverage [a] plaintiff can proceed with a Section 155 action even after payment as a 'stand alone' action." She relies heavily on *Smith v. State Farm Insurance Cos.*, 369 Ill. App. 3d 478, 485 (2006), in which this court held that the plaintiff's release of the defendant insurance company following arbitration did not bar the plaintiff from filing a subsequent section 155 claim. However, *Smith* is premised on the misconception that section 155 creates "a private cause of action by insureds." See *id.* That is incorrect. Section 155 does not create an independent cause of action. *Smith* runs contrary to our supreme court's holding that "[m]ere allegations of bad faith or unreasonable and vexatious conduct [by an insurer] *** are not sufficient to constitute a separate and independent tort" for which an insurer can be held liable under section 155. *Cramer*, 174 Ill. 2d at 531.

¶ 26    Plaintiff also cites *McGee v. State Farm Fire & Casualty Co.*, 315 Ill. App. 3d 673, 682-83 (2000), in which the Second District concluded that an insurance company cannot defeat section 155 merely by paying the insured and following the procedural steps of an insurance policy. However, the *McGee* court did not analyze whether a stand-alone section 155 claim exists under

Illinois law, nor did it discuss *Cramer*'s requirement that a section 155 claim must be connected to "an action on a policy" (*Cramer*, 174 Ill. 2d at 524). Rather, the Second District simply assumed that a plaintiff could bring an independent section 155 claim and relied on pre-*Cramer* cases to conclude that an insurance company's payment of policy benefits does not defeat such a claim.

¶ 27    The remainder of plaintiff's cases also suggest that a plaintiff can bring a stand-alone section 155 claim against her insurer. See, *e.g.*, *Buais v. Safeway Insurance Co.*, 275 Ill. App. 3d 587 (1995); *Green v. International Insurance Co.*, 238 Ill. App. 3d 929 (1992); and *Calcagno v. Personalcare Health Management, Inc.*, 207 Ill. App. 3d 493 (1991). However, these cases predate our supreme court's holding in *Cramer* that a section 155 claim must be connected to an action on the policy and that section 155 itself does not create liability. *Cramer*, 174 Ill. 2d at 523-24.

¶ 28    We need not address plaintiff's remaining arguments about whether the facts of this case establish that Farmers acted unreasonably and vexatiously or whether her release of claims encompassed section 155 relief. The dismissal of plaintiff's breach of contract claim and her failure to pursue any other action on her insurance policy thereafter rendered relief under section 155 unavailable as a matter of law. Accordingly, we affirm the trial court's directed finding that plaintiff was not entitled to section 155 attorney fees, costs, or damages.

¶ 29                                III. CONCLUSION

¶ 30    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 31    Affirmed.

*Moles v. Illinois Farmers Insurance Co.*, **2023 IL App (1st) 220853**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 18-L-11082; the Hon. Thomas More Donnelly, Judge, presiding. |
| **Attorneys for Appellant:** | Stephen J. Healy and John J. Pappas Sr., of Pappas Law Group, LLC, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Thomas B. Orlando, Michael L. Foran, James J. Knibbs, and Matthew R. Carlyon, of Foran Glennon Palandech Ponzi & Rudloff PC, of Chicago, for appellee. |