LA SALLE NATIONAL BANK, as Trustee, *et al.*, Plaintiffs-Appellants, v. CITY SUITES, INC., *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—99—0692

Opinion filed September 28, 2001.

H. Reed Harris, of Chicago, for appellants.

Mara S. Georges, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Jane Elinor Notz, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE TULLY delivered the opinion of the court:

Plaintiffs, H. Reed Harris (Mr. Harris) and La Salle National Bank, as trustee, appeal from the circuit court's orders: (1) affirming the decision of the Zoning Board of Appeals granting defendants City Suites, Inc., Wilmont Hotel Partnership, Corus Bank, Aetna Bank and Republic Bank of Chicago (the Corus group) a special use to operate their property at 3260 N. Wilton Avenue in the City of Chicago as an accessory parking lot; and (2) dismissing plaintiffs' four-count amended complaint with prejudice, which sought to enjoin and abate operation of the property in violation of certain zoning ordinances. This court has jurisdiction pursuant to Illinois Supreme Court Rule 301 (155 Ill. 2d R. 301). For the following reasons, we affirm.

## Background

In 1997, plaintiffs brought an action seeking to enjoin the Corus group from operating a parking lot on their property at 3260 N. Wilton Ave in violation of the Chicago Zoning Ordinance (Ordinance) (Chicago Municipal Code tit. 17 (1997)). While plaintiffs' action was pending, the Corus group sought an amendment to the Ordinance, to change the zoning classification of their property from an R5, general residence district, to a B4—3, restricted service district. On September 30, 1997, a public hearing was held before the Chicago city council zoning committee, at which plaintiff, Mr. Harris, the owner of property neighboring the Corus group's property, appeared and voiced objections. On October 1, 1997, the city council zoning committee granted the amendment, changing the property to a B4—3 zoning classification.

On December 30, 1997, the Corus group applied to the Zoning Board of Appeals of the City of Chicago (the Zoning Board) for a special use, to allow the subject property to be used as "an accessory off-site parking lot to provide non-required parking" to the Wilmont Hotel. Application for a special use was necessitated because the Wilmont Hotel and the subject property were not located on the same zoning lot and section 8.4—1(6) of the Ordinance (Chicago Municipal Code § 17—8.4—1(6) (1997)) requires that off-street parking facilities not located on the same zoning lot as the principal use receive approval from the Zoning Board for a special use.[1]

---

[1]Section 8.4—1(6) applies to B4—3 districts by way of reference in sections 8.4—4(1) and 8.4—3(1). Chicago Municipal Code § 17—8.4—4(1), 8.4—3(1) (1997).

On February 20, 1998, a hearing was held before the Zoning Board on the special use application. Mr. Harris appeared at the hearing and objected to the special use, arguing section 8.11—2 of the Ordinance (Chicago Municipal Code § 17—8.11—2 (1997)) required all off-street parking facilities in B4—3 districts be located within 500 feet of the main entrance of the principal use served and there was no evidence that the use proposed was located within 500 feet of the Wilmont Hotel's main entrance. Counsel for the Corus group responded by arguing section 8.11—2 was inapplicable because it applied only to required parking facilities, not nonrequired, permissive parking facilities, like the use at issue. The Zoning Board informed the parties it would interpret the relevant provisions of the Ordinance when making a decision.

On March 6, 1998, the Zoning Board approved the special use application. Although the Zoning Board did not specifically address the applicability of section 8.11—2 to the property, it found: (1) the special use was necessary for the public convenience, to provide parking to the guests and employees of the Wilmont Hotel, (2) the public health and safety would be adequately protected in the operation, location and design of the special use, and (3) the use of the property as a parking lot would be consistent with its prior use as a parking lot and would not cause substantial injury to the value of neighboring property.

On April 10, 1998, plaintiffs filed a four-count complaint against the Corus group, the Zoning Board and the City of Chicago. Count I sought a declaratory judgment to invalidate the rezoning of the subject property from an R5 district to a B4—3 district. Count II sought administrative review of the Zoning Board's decision to grant a special use. Count III sought to enjoin use of the property as an accessory parking lot, contingent upon the court's finding in plaintiff's favor as to count I or count II. Count IV sought to abate alleged violations of the Ordinance with respect to design, maintenance, landscaping and lighting of the property.

Defendants moved to dismiss count I, pursuant to section 2—619 of the Code of Civil Procedure (Code) (735 ILCS 5/2—619 (West 1998)), on the basis that plaintiffs failed to notify other property owners of the action, in violation of section 11—13—8 of the Illinois Municipal Code (65 ILCS 5/11—13—8 (West 1998)). Defendants moved to dismiss counts I, III, and IV as well, pursuant to section 2—615 of the Code (735 ILCS 5/2—615 (West 1998)), for failure to state a cause of action. In an order dated August 11, 1998, the circuit court dismissed counts

I, III, and IV of plaintiffs' complaint with prejudice. On January 14, 1999, the circuit court issued a written opinion addressing count II of plaintiffs' complaint and affirming the Zoning Board's decision to grant a special use. Plaintiffs thereafter filed a motion to reconsider the January 14, 1999, order based on newly discovered evidence concerning the ownership of the subject property. In an order dated February 3, 1999, the circuit court denied the motion. On February 16, 1999, plaintiffs filed a notice of appeal which specified appeal was taken from the circuit court's orders of August 11, 1998, and January 14, 1999.

## Discussion

Plaintiffs argue that the circuit court erred in affirming the Zoning Board's decision to grant a special use and in dismissing counts I through IV of their amended complaint with prejudice. Plaintiffs further contend the circuit court erred in denying their motion to reconsider, based on newly discovered evidence, in the order dated February 3, 1999. As a preliminary matter, defendants have moved to strike all parts of plaintiffs' brief relating to the February 3, 1999, order on the basis that the notice of appeal fails to specify appeal is taken from that order.

■ Illinois Supreme Court Rule 303(b) sets forth the form and content of the notice of appeal. 155 Ill. 2d R. 303(b). The notice of appeal serves the dual purpose of vesting the reviewing court with jurisdiction and informing the prevailing party that the unsuccessful litigant seeks review by a higher court. *Waste Management, Inc. v. International Surplus Lines Insurance Co.*, 144 Ill. 2d 178, 188 (1991). Accordingly, the notice must specify the judgment or part thereof from which the appeal is taken, and a reviewing court has jurisdiction solely over those issues properly raised in the notice. *Waste Management, Inc.*, 144 Ill. 2d at 188. However, appeal from an unspecified judgment is reviewable if it is a step in the procedural progression leading to the judgment specified in the notice of appeal. *Steinberg v. System Software Associates, Inc.*, 306 Ill. App. 3d 157, 166 (1999).

■ In this case, the notice of appeal specifies that appeal is taken from the circuit court's orders of August 11, 1998, and January 14, 1999. The notice does not specify appeal is taken from the circuit court's order of February 3, 1999, denying the motion to reconsider, and that order cannot be viewed as a step in the procedural progression leading to the ultimate judgment. A similar set of circumstances was presented in *Dalen v. Ozite Corp.*, 230 Ill. App. 3d 18 (1992), in which this court held it lacked jurisdiction to review an order denying a motion to reconsider because the order was not a step in the

procedural progression leading to judgment and the notice of appeal failed to specify appeal from that order. We likewise conclude we lack jurisdiction to review the February 3, 1999, judgment and therefore grant defendants' motion to strike those portions of plaintiffs' brief directed to the court's order denying their motion to reconsider.

Turning to the remaining issues, plaintiffs also contend that the Zoning Board's decision was arbitrary and capricious because the record was devoid of evidence from which the Zoning Board could conclude the subject property was within 500 feet walking distance to the main entrance of the hotel, as required under section 8.11—2 of the Ordinance. Defendants respond, however, that such evidence was unnecessary because section 8.11—2 applies only to "required" parking facilities not "permissive" parking facilities, like the use in question.

Judicial review of an administrative agency's actions extends to all questions of law and fact presented by the record. *Chicago School Reform Board of Trustees v. Illinois Educational Labor Relations Board*, 309 Ill. App. 3d 88, 92 (1999). However, a reviewing court may not interfere with the discretionary authority vested in an administrative body unless that authority is exercised in an arbitrary or capricious manner or the administrative decision is against the manifest weight of the evidence. *Anderson v. Human Rights Comm'n*, 314 Ill. App. 3d 35, 41 (2000). Agency action is arbitrary and capricious only if the agency contravenes the legislature's intent, fails to consider a crucial aspect of the problem, or offers an explanation which is so implausible that it runs contrary to agency expertise. *General Service Employees Union, Local 73 v. Illinois Educational Labor Relations Board*, 285 Ill. App. 3d 507, 515 (1996). Nevertheless, a court of review is not bound by an agency's interpretation of an ordinance because the question of the proper interpretation of an ordinance is one of law. *North Avenue Properties, L.L.C. v. Zoning Board of Appeals*, 312 Ill. App. 3d 182, 190 (2000). If the language of the ordinance is clear and unambiguous, the court must interpret the ordinance according to its terms without resorting to aids of construction. *Branson v. Department of Revenue*, 168 Ill. 2d 247, 254 (1995). If, on the other hand, the ordinance is ambiguous, a reviewing court will give substantial weight to the manner in which the agency charged with its administration and enforcement has interpreted it as we find this interpretation to be an informed source for ascertaining legislative intent. *North Avenue Properties, L.L.C.*, 312 Ill. App. 3d at 190. The initial issue of whether an ordinance is ambiguous is also one of law and subject to a *de novo* determination on review. *Freeman United Coal Mining Co. v. Industrial Comm'n*, 317 Ill. App. 3d 497, 503 (2000).

■ In this case, the record indicates the Zoning Board made no finding as to whether the special use complied with the distance requirements under section 8.11—2, and no evidence was presented to support such a finding. Under the circumstances, we may reasonably conclude that the Zoning Board was persuaded by defendants' argument that section 8.11—2 of the Ordinance did not apply to "permissive parking" facilities. We find this construction of section 8.11—2 to be valid. We further find the Ordinance is ambiguous because it admits to alternate constructions.

Sections 8.11—1 through 8.11—6 of the Ordinance (Chicago Municipal Code § 17—8.11—1 through 17—8.11—6) (1997)) set forth minimum numbers of parking spaces that uses are required to provide, depending upon the nature of the use and the zoning district in which the use is located. Section 8.11—2, in particular, sets forth the minimum numbers of parking spaces that must be established by uses in B4—3 districts, like the one at issue, and further provides:

"All parking spaces *required* to serve buildings or uses shall be located on the same zoning lot ***, except as provided as a special use; in which case, buildings or uses may be served by parking facilities located on land other than the zoning lot on which the building or use served is located, provided such facilities are within 500 feet walking distance of the main entrance of the use served." (Emphasis added.) Chicago Municipal Code § 17—8.11—2(1997).

In conjunction, section 8.11 of the Ordinance (Chicago Municipal Code § 17—8.11 (1997)) sets forth general regulations governing the design, operation and maintenance of all off-street parking facilities, regardless of zoning classification or whether the facilities are required or permissive. This section, however, is silent as to the location of such facilities. Accordingly, the only applicable section of the Ordinance that regulates location is section 8.11—2.

The significance of the above and an inherent ambiguity in the Ordinance becomes apparent when section 8.11—2 is viewed in conjunction with section 5.8—3, which governs permissive parking. Section 5.8—3 provides:

"Nothing in this comprehensive amendment shall be deemed to prevent the voluntary establishment of off-street parking or loading facilities to serve any existing use of land or buildings provided that *all regulations herein governing the location,* design, and operation of such facilities are adhered to." (Emphasis added.) Chicago Municipal Code § 17—5.8—3(1997).

Plaintiffs argue, accordingly, that because section 8.11 regulates only design and operation, and because section 8.11—2 is the only provision regulating location, it follows that section 8.11—2 is intended to

apply to both required and permissive parking facilities, lest the mandate of section 5.8—3 be rendered a nullity. Defendants counter this argument, however, noting that a similar nullity would result under plaintiffs' proposed construction, because it would render the term "required," as used in section 8.11—2, essentially meaningless. Defendants further observe that plaintiffs' construction would run counter to the practical purpose of section 8.11—2, that is, to prevent property owners from thwarting their duty to provide adequate, accessible parking, not to discourage property owners from voluntarily providing accessible parking beyond the minimums required.

We find defendants' argument concerning the practical purpose underlying section 8.11—2 to be compelling. Considering the structure and goals of the Ordinance as a whole, we also find this interpretation of section 8.11—2 to be the most reasonable. Where an administrative entity gives a practical construction to an ordinance, a reviewing court will defer to the agency's construction unless it is clearly erroneous, arbitrary or unreasonable. *Memory Gardens Cemetery, Inc. v. Village of Arlington Heights*, 250 Ill. App. 3d 553, 560 (1993). Here, because the Zoning Board's construction of section 8.11—2 is reasonable, we defer to that construction and conclude the Zoning Board did not act arbitrarily in granting the special use in the absence of evidence of compliance with section 8.11—2.

Plaintiffs also maintain that the circuit court erred in granting defendants' motions to dismiss counts I, III and IV of the complaint with prejudice. Defendants respond that the absence of a complete record precludes review of this issue because plaintiffs have failed to provide the transcript of the hearing on the motion to dismiss in the record, and the circuit court's order does not indicate the grounds on which its decision was based.

An appellant has the burden of presenting the reviewing court with a sufficiently complete record of the circuit court proceedings to support a claim of error. *Cruz v. Columbus-Cuneo-Cabrini Medical Center*, 264 Ill. App. 3d 633, 639 (1994). Absent such a record, reviewing courts are instructed to assume that the trial court's order comported with the law and was supported by the facts, and any doubts must be resolved against the appellant. *Northern Illinois Gas Co. v. Midwest Mole, Inc.*, 199 Ill. App. 3d 109, 118 (1990). Because the record on appeal is incomplete, we would be within our discretion to affirm the circuit court's order without further discussion, under the presumption that the circuit court followed the law. However, because the issues raised involve questions of law, which are reviewed *de novo*, we can address the merits of the issues presented. *Dubey v. Abam Building Corp.*, 266 Ill. App. 3d 44, 46 (1994) (incomplete record does

not preclude review where issue can be decided without complete record).

We first address the propriety of the dismissal of count I of plaintiffs' complaint, which sought a declaratory judgment to invalidate the amendment of the Ordinance, changing the zoning classification of the property from an R5 to a B4—3 district, on the basis that the Corus group obtained the amendment through fraud, the amendment was unconstitutional, and the city council lacked authority to rezone the property. Defendants moved to dismiss this claim under both sections 2—619 and 2—615.

■ The standard of review of motions to dismiss, under either section 2—615 or 2—619, is *de novo. Neppl v. Murphy*, 316 Ill. App. 3d 581, 584 (2000). However, a motion to dismiss based on section 2—615 admits all well-pleaded facts and attacks the legal sufficiency of the complaint, while a motion to dismiss under a section 2—619 motion admits the legal sufficiency of the complaint and raises defects, defenses or other affirmative matter that appears on the face of the complaint or is established by external submissions that act to defeat the plaintiff's claim. *Neppl*, 316 Ill. App. 3d at 584. Because dismissal under sections 2—619 and 2—615 entails separate standards, we apply a separate analysis to each basis of defendants' motion.

■ We first consider defendants' motion to dismiss under section 2—619. If a cause of action is dismissed pursuant to a section 2—619 motion, the questions on appeal are whether a genuine issue of material fact exists and whether the defendant is entitled to a judgment as a matter of law. *McGee v. State Farm Fire & Casualty Co.*, 315 Ill. App. 3d 673, 680 (2000).

Here, defendants moved to dismiss count I on the basis plaintiffs failed to notify neighboring property owners of the action, as required under sections 11—13—7 and 11—13—8 of the Illinois Municipal Code (65 ILCS 5/11—13—7, 11—13—8 (West 1998). Plaintiffs argue on appeal, however, that these provisions are inapplicable because: (1) the zoning was procured by fraud, (2) the declaratory judgment action was to void rezoning rather than zoning, and (3) the Corus group previously notified property owners when it sought the initial amendment.

■ Section 11—13—8 provides, in pertinent part:
"[W]hen any zoning ordinance, rule or regulation is sought to be declared invalid by means of a declaratory judgment proceeding, not more than 30 days before filing suit *** the person filing such suit shall serve written notice in the form and manner and to all property owners as is required of applications for variation in Section 11—13—7, and shall furnish to the clerk of the court *** the

list of property owners, the written certificate, and other such information as required in Section 11—13—7." 65 ILCS 5/11—13—8 (West 1998).

Section 11—13—7, in turn, provides that notice must be served on the owners of all property located within 250 feet of the subject property, informing them of the nature of the variation requested. We find the language and mandate of the above provisions to be clear in requiring that notice be given in all declaratory actions to invalidate zoning, without exception. Moreover, plaintiffs fail to cite to any relevant authority to support their argument as to why these provisions should not apply to the instant action. Dismissal of plaintiffs' declaratory judgment action under section 2—619, for failure to comply with sections 11—13—7 and 11—3—3 of the Illinois Municipal Code, was not in error. Further, dismissal of count I was warranted under section 2—615 as well.

■ The question presented by a section 2—615 motion to dismiss is whether the allegations of the complaint, when viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. *Lykowski v. Bergman*, 299 Ill. App. 3d 157, 163 (1998). However, legal conclusions and factual conclusions that are unsupported by allegations of specific facts will be disregarded in ruling on a motion to dismiss. *Cummings v. City of Waterloo*, 289 Ill. App. 3d 474, 479 (1997).

■ Here, count I alleges the city council's amendment of the Ordinance was invalid because the amendment was illegal, unconstitutional and procured by fraud. In sum, the complaint consists entirely of legal conclusions, rather than specific factual allegations. Such factual deficiencies cannot be cured by liberal construction. *Cummings*, 289 Ill. App. 3d at 479. Accordingly, count I was properly dismissed under section 2—615.

Because we affirm the dismissal of count I, and affirm the Zoning Board's decision to grant the special use as to count II, we need not address the dismissal of count III of the complaint, which sought relief contingent only upon finding in plaintiffs' favor on count I or II. As to the dismissal of count IV of plaintiffs' complaint, however, which alleged Ordinance violations with respect to the property's design and maintenance, we find the same pleading deficiencies evident in this claim as are evident throughout the complaint. Again, plaintiffs set forth only legal conclusions and fail to set forth any specific facts. Under Illinois law, a party must allege facts stating the elements of the cause of action; allegations of legal conclusions are simply not enough. *South Chicago Savings Bank v. South Chicago Savings Bank*, 178 Ill. App. 3d 545, 554 (1988). Dismissal of count IV under section 2—615 was therefore appropriate.

■ Finally, plaintiffs contend that the trial court erred in dismissing counts I, III and IV with prejudice and in refusing to hold counts III and IV in abeyance until rendering its decision on counts I and II. A review of the record reveals, however, that plaintiffs never sought leave to amend their complaint before the trial court and never proposed any amendment to the complaint in the trial court. The record also indicates that plaintiffs never requested that the circuit court hold counts III and IV in abeyance. Illinois courts demand that a plaintiff offer an amendment to the trial court before requesting a review of the trial court's discretion in not allowing an amendment to a complaint. *Frantzve v. Joseph*, 150 Ill. App. 3d 850, 853 (1986). Because plaintiffs made no motion to amend prior to the circuit court's dismissal with prejudice, they have waived any right to question the circuit court's holding in this regard. Similarly, because plaintiffs did not request that counts III and IV be held in abeyance, they have waived this issue, as the circuit court cannot be said to have abused its discretion in denying a request that was never made.

With respect to plaintiffs' additional request that this court allow the amendment of the complaint on appeal, that request too must be rejected, as plaintiffs have failed to adhere to the dictates of Illinois Supreme Court Rule 362 (155 Ill. 2d R. 362), which governs the procedure for asking this court leave to amend a complaint on appeal. See *Kirchner v. Greene*, 294 Ill. App. 3d 672 (1998) (denying plaintiffs' request to amend their complaint on appeal for failure to adhere to Rule 362).

For the foregoing reasons, we affirm the judgment of the circuit court, dismissing counts I, II and IV of plaintiffs' complaint with prejudice, and affirm the decision of the Zoning Board to grant the special use.

Affirmed.

COHEN, P.J., and McNULTY, J., concur.