FIFTH DIVISION
March 4, 2011

No. 1-09-2584

| | | |
|---|---|---|
| MARGARET FIGIEL, JOHN FIGIEL, JANE THOMAS RICHARD DAMASHEK, SUSAN GOLO, DUNCAN BOURNE, LESLIE LODGSON, NANCY KIMBLE, MARK KIMBLE, ERIC LENTING, GINA GUZMAN, LOBA EMAMI, VICTORIA CARTON, JOHN WIZGIRD, ANNA ANTHONY, GAYLY OPEM, ROBERT OPEM, ALLAN GOLD, JUDITH GOLDMAN, SUSAN PRICE, KIM LILLY, ARNOLD HIRSCH, ELAINE D. COTTEY, PAUL T. COTTEY, PEARL KREPES, NANCY HUNTER, CUTTIE BACON, JEFFREY J. QUACKENBUSH, GENE NOZICKA, MARK GREENBERG, HAYDEE PAMPEL, and JEFF BADDELEY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County, Illinois, County Department, Chancery Division. No. 2008 CH 32919 |
| Plaintiffs-Appellants, | ) | The Honorable Sophia Hall, Judge Presiding. |
| v. | ) ) | |
| THE CHICAGO PLAN COMMISSION, THE CHICAGO CHILDREN'S MUSEUM, THE CHICAGO PARK DISTRICT, a Municipal Corporation, THE CITY OF CHICAGO, a Municipal Corporation, LINDA SEARL, Chairman of the CHICAGO PLAN COMMISSION, MAYOR RICHARD M. DALEY, JOHN H. NELSON, NANCY A. PACHER, DAVID WEINSTEIN, LEON D. FINNEY, JR., DORIS B. HOLLEG, LYNIER RICHARDSON, CAROLE BROWN, SMITA SHAH, TOM BYRNE, ARNOLD L. RANDALL, GEORGE W. MIGALA, GARCIA M. SHIFRIN, PATRICIA SCUDIERO, ALDERMAN WILLIAM J.P. BANKS, ALDERMAN EDWARD M. BURKE, ALDERMAN PATRICK O'CONNOR, ALDERMAN MARY ANN SMITH, ALDERMAN BERNARD L. STONE, and ALDERMAN REGNER "RAY" SUAREZ, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendant-Appellee. | ) | |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court, with opinion.

Justices Joseph Gordon and Howse concurred in the judgment and opinion.

No. 1-09-2584

**OPINION**

The plaintiffs, Margaret Figiel, John Figiel, Jane Thomas, Richard Damashek, Susan Golo, Duncan Bourne, Leslie Lodgson, Nancy Kimble, Eric Lenting, Gina Guzman, Loba Emami, Victoria Carton, John Wizgird, Anna Anthony, Gayly Opem, Robert Opem, Allan Gold, Judith Goldman, Susan Price, Kim Lilly, Arnold Hirsch, Elaine D. Cottey, Paul T. Cottey, Pearl Krepes, Nancy Hunter, Cuttie Bacon, Jeffrey J. Quackenbush, Gene Nozicka, Mark Greenberg, Haydee Pampel, and Jeff Baddeley, all owners of property located at 340 and 360 East Randolph Street, in Chicago, brought an action against the defendants, the Chicago Plan Commission, the Chicago Children's Museum, the Chicago Park District, the City of Chicago, the chair of the Chicago Planning Commission, Linda Searl, City of Chicago Mayor Richard M. Daley, David Weinstein, Leon D. Finney Jr., Dori B. Holleg, Lynier Richardson, Carole Brown, Smita Shah, Tom Byrne, Arnold L. Randall, George W. Migala, John H. Nelson, Nancy A. Pacher, Garcia M. Shifrin and Patricia Scudiero, and aldermen William J.P. Banks, Edward M. Burke, Patrick O'Connor, Mary Ann Smith, Bernard L. Stone, and Regner "Ray" Suarez, challenging the city council's decision to approve an amendment to one of the city's planned developments pursuant to the Chicago Zoning Ordinance (Chicago Municipal Code §17-13-100 *et seq.* (2009)), which would allow the construction of a children's museum and a new park district field house facility in the northeast corner of Grant Park. The defendants sought a dismissal pursuant to section 2-619 of the Code of Civil Procedure (Civil Procedure Code) (see 735 ILCS 5/2-619 (West 2008)), arguing that the complaint was defective because the plaintiffs failed to comply with the notice requirements set forth in section 11-13-8 of the Illinois Municipal Code (Municipal Code) (see 65 ILCS 5/11-13-8

2

No. 1-09-2584

(West 2008)), which mandate that a party challenging a zoning ordinance give written notice of its lawsuit to all properties within 250 feet of the affected property. In the alternative, the defendants sought dismissal pursuant to section 2-615 of the Civil Procedure Code (735 ILCS 5/2-615 (West 2008)), contending that the complaint failed to plead sufficient facts demonstrating that the amendment to the zoning ordinance was arbitrary, capricious and unreasonable and did not bear a rational relationship to public health, safety or welfare. The circuit court granted defendants' motion to dismiss pursuant to section 2-619 of the Civil Procedure Code (735 ILCS 5/2-619 (West 2008)), and the plaintiffs now appeal. For the reasons that follow, we affirm the decision of the circuit court.

## I. BACKGROUND

The following relevant facts are undisputed. On April 2, 2008, the Chicago Park District (hereinafter the park district) and the Chicago Children's Museum (hereinafter the museum) filed an application[1] (hereinafter the lakefront application), pursuant to the Lake Michigan and Chicago Lakefront Protection Ordinance (see Chicago Municipal Code §16-4-100 (2009)), to construct a new children's museum and a park district field house facility in the place of an existing underground park district field house and two levels of below-grade parking garage located in the Daley Bicentennial Plaza in the northeast corner of Grant Park (*i.e.*, the southeast corner of Randolph Street and Columbus Drive). The site of the proposed construction is owned by the City of Chicago (hereinafter the city) and the park district.

---

[1] The record reveals that the application was numbered "Application No. 547."

3

No. 1-09-2584

On that same day, the museum and the park district filed a separate application (hereinafter the planned development application) to amend Institutional/Transportation Development No. 677, the planned development, which governs the relevant portions of Grant Park, to permit the construction of the new children's museum and the field house. In response to comments received from the city's planning staff and various city agencies, on May 2, 2008, the museum and the park district submitted amended lakefront and planned development applications.

On May 15, 2008, the city's zoning department, and the department of planning and development submitted a written report to the city's plan commission recommending that the plan commission approve both the amended lakefront and planned development applications. According to that report, the project proposed by the amended lakefront and planned development applications complied with the policies and purposes of the Lake Michigan and Chicago Lakefront Protection Ordinance (Chicago Municipal Code §16-4-100 (2009)). Among other things, the report specifically found that "by locating the museum and the field house below grade within Grant park proper and locating the only above ground structure on the Randolph Street right of way" the project "maintained and improved the open water vista of Grant Park."

On May 15, 2008, the plan commission convened a public hearing to consider both the lakefront and the planned development applications. At the conclusion of the public hearing, a vote was taken and the plan commission approved both applications. Specifically, the commission issued a written resolution adopting the report of the city's zoning department and the department of planning and development regarding the lakefront application and the findings

4

of fact stated therein. The commission also recommended that the city council committee on zoning approve the amendment to Institutional/Transportation Development No. 677, contemplated by the planned development application.

After considering the proposed amendment to Institutional/Transportation Development No. 677 at a public hearing, on June 5, 2008, the city council committee on zoning voted in favor of the proposed amendment. On June 11, 2008, the city council enacted an ordinance amending Institutional/Transportation Development No. 677.

On September 5, 2008, the plaintiffs, who are owners of property located at 340 and 360 East Randolph Street, which is within 250 feet of Grant Park and the proposed plan development, filed a complaint in the circuit court challenging the ordinance approving the zoning amendment and seeking *de novo* review of that ordinance pursuant to section 11-13-25 of the Municipal Code (65 ILCS 5/11-13-25 (West 2008)). The plaintiffs alleged that they were unconstitutionally deprived of both their substantive and procedural due process rights at each stage of the decision-making that occurred in connection with the passage of this zoning amendment. With respect to relief, the plaintiffs specifically asked the circuit court "to enter judgement declaring" the zoning amendment unconstitutional (*i.e.*, "void as arbitrary, capricious, unreasonable and without justification in law or in fact").[2]

_____

[2]We note that in that complaint, the plaintiffs did not challenge the plan commission's consideration of the lakefront application nor the plan commission's decision to approve it. Rather, on June 6, 2008, the plaintiffs filed a separate action (No. 08 CH 20346) in the circuit court, challenging the decision of the plan commission. This separate cause of action is not part

On October 27, 2008, the defendants, including the city, the city's plan commission, the park district and the museum, filed a combined motion pursuant to section 2-619.1 of the Civil Procedure Code (735 ILCS 5/2-619.1 (West 2008)) to dismiss the complaint under sections 2-615 and 2-619(a)(9) of that Code (735 ILCS 5/2-615, 2-619(a)(9), 2-619.1 (West 2008)). The defendants specifically contended that the cause should be dismissed pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2008)) because the plaintiffs had failed to comply with the notice requirements of section 11-13-8 of the Illinois Municipal Code (65 ILCS 5/11-13-8 (West 2008)) prior to filing their complaint.[3]

On December 31, 2008, prior to the court's ruling on the defendants' motion to dismiss, the plaintiffs filed an amended complaint again seeking *de novo* review of the ordinance approving the zoning amendment and arguing that the amendment violated their procedural and substantive due process rights. This time, however, the plaintiffs did not ask the court to "declare" the amendment unconstitutional but rather that the court "enter a finding" that the zoning amendment was "arbitrary, capricious, unconstitutional, unreasonable and without

_____

of or related to the issues raised in the plaintiffs' appeal here.

[3]As shall be demonstrated in more detail below, section 11-13-8 of the Illinois Municipal Code requires that in municipalities with a population of 500,000 or more, any plaintiff seeking to invalidate a zoning ordinance by means of a declaratory judgment action must provide written notice of the lawsuit (either in person or by registered mail) to all property owners within 250 feet of the affected property not more than 30 days before filing suit. See 65 ILCS 5/11-3-8, 11-3-7 (West 2008).

justification in law or in fact."

On January 21, 2009, the defendants responded by filing another combined section 2-619.1 motion to dismiss the plaintiffs' amended complaint. The defendants argued that although the plaintiffs had worded the allegations in their amended complaint differently they were again essentially seeking a declaration that the zoning amendment was unconstitutional. Accordingly, the defendants argued that the plaintiffs were required to comply with section 11-13-8 of the Municipal Code (65 ILCS 5/11-13-8 (West 2008)) before filing their lawsuit and that their failure to do so was fatal to their amended complaint. The defendants alternatively argued that the amended complaint was factually deficient as it failed to state claims of substantive or procedural due process violations under either the Illinois or the United States Constitution.

The plaintiffs firstly responded by conceding that they did not comply with section 11-13-8 of the Municipal Code (65 ILCS 5/11-13-8 (West 2008)), but then nevertheless argued that compliance was not necessary since their amended complaint was not a declaratory judgment action but rather an independent cause of action brought pursuant to section 11-13-25 of the Municipal Code (see 65 ILCS 5/11-13-25 (West 2008)).[4]

---

[4]Section 11-13-25 of the Municipal Code, which shall be more fully discussed below in the analysis section, is entitled "Actions subject to de novo review; due process," and reads in relevant part:

"(a) Any decision by the corporate authorities of any municipality, home rule or non-home rule, in regard to any petition or application for a special use, variance, rezoning, or other amendment to a zoning ordinance shall be subject to de novo judicial

The defendants replied by arguing that section 11-13-25 (65 ILCS 5/11-13-25 (West 2008)) does not provide an independent cause of action, but rather merely seeks to clarify the standard of review a court is to apply in evaluating certain municipal zoning decisions enumerated in the statute.

After the parties briefed the motions, the circuit court heard oral arguments on April 9, 2009. Subsequently, on May 7, 2009, in a written order, the circuit court granted the defendants motion to dismiss pursuant to section 2-619 of the Civil Procedure Code (735 ILCS 5/2-619 (West 2008)). In doing so, the circuit court found that section 11-13-25 of the Municipal Code (65 ILCS 5/11-13-25 (West 2008)) was not intended to create a new cause of action for challenging zoning decisions, but rather to address the standard of review to be applied when reviewing such decisions. The circuit court further found that the plaintiffs' amended complaint had sought a declaration that the zoning amendment was unconstitutional and that, therefore, pursuant to section 11-13-8 of the Municipal Code, the plaintiffs were required to provide requisite notice of their cause of action to the adjoining landowners prior to commencing their suit (see 65 ILCS 5/11-13-8 (West 2008)). The court concluded that since the plaintiffs had

_____

review as a legislative decision, regardless of whether the process in relation thereto is considered administrative for other purposes. Any action seeking the judicial review of such a decision shall be commenced not later than 90 days after the date of the decision.

(b) The principles of substantive and procedural due process apply at all stages of the decision-making and review of all zoning decisions." 65 ILCS 5/11-13-25 (West 2008).

8

No. 1-09-2584

failed to provide such notice, their complaint was defective and could not proceed as a matter of law.[5]

The plaintiffs requested time to consider whether the dismissal should be with or without prejudice. The trial court held the matter over to May 12, 2009, and on that date determined that dismissal should be with prejudice. The plaintiffs filed a motion for reconsideration of the court's May 7 and May 12, orders, but that motion was denied by the circuit court. The plaintiffs now appeal the dismissal of their amended complaint pursuant to section 2-619 of the Civil Procedure Code (735 ILCS 5/2-619 (West 2008)).

## I. ANALYSIS

A section 2-619 motion to dismiss admits the legal sufficiency of the complaint (*i.e.*, all facts well pleaded), but asserts certain defects, defenses or other affirmative matters that appear on the face of the complaint or are established by external submissions that act to defeat the claim. *Wallace v. Smyth*, 203 Ill. 2d 441, 447 (2002); see 735 ILCS 5/2-619(a)(9) (West 2008) (a defendant may file a motion for involuntary dismissal on the grounds that "the claim asserted against defendant is barred by [an] other affirmative matter avoiding the legal effect of or defeating the claim"). The standard of review for an order granting a motion to dismiss pursuant to section 2-619 is *de novo*. *Tkacz v. Weiner*, 368 Ill. App. 3d 610, 612 (2006).

---

[5]We note that the circuit court's decision was limited to the issues raised pursuant to section 2-619 of the Civil Procedure Code (735 ILCS 5/2-619 (West 2008)) and that it did not in any way address or encompass arguments raised pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2008)).

In the present case, the plaintiffs contend that the circuit court erred when it dismissed their amended complaint for failure to abide by the notice requirements of section 11-13-8 of the Municipal Code. See 65 ILCS 5/11-13-8 (West 2008). The plaintiffs do not, nor could they, dispute that if their amended complaint had been for declaratory relief, under section 11-13-8 of the Municipal Code they would have been required to provide written notice of their suit to all property owners within 250 feet of the building site. In that respect both the language of the statute and the case law is clear that any property owner challenging a zoning ordinance must provide such notice within 30 days before filing a suit for declaratory judgment. See 65 ILCS 5/11-13-7, 11-13-8 (West 2008)[6]; see also *Hanna v. City of Chicago*, 331 Ill. App. 3d 295, 309

---

[6]Section 11-13-8 of the Municipal Code reads in relevant part:

"In municipalities of 500,000 or more population, *when any zoning ordinance, rule or regulation is sought to be declared invalid by means of a declaratory judgment proceeding,* not more than 30 days before filing suit for a declaratory judgment the person filing such suit shall serve written notice in the form and manner and to all property owners as is required of applicants for variation in Section 11-13-7, and shall furnish to the clerk of the court in which the declaratory judgment suit is filed, and at the time of filing such suit, the list of property owners, the written certificate and such other information as is required in Section 11-13-7 to be furnished to the board of appeals by an applicant for variation." (Emphasis added.) 65 ILCS 5/11-13-8 (West 2008).

Section 11-13-7 of the Code, in turn, requires service of "written notice, either in

(2002), *overruled on other grounds*, *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296 (2008) (holding that the "Municipal Code is clear in its pronouncement that when a party seeks to have a zoning ordinance invalidated by means of declaratory judgement, the party seeking such relief shall serve written notice to owners of all property 'within 250 feet in each direction of the location' which are affected by the alleged invalid ordinance"), quoting 65 ILCS 5/11-13-7 (West 2008); see also *La Salle National Bank v. City Suites, Inc.*, 325 Ill. App. 3d 780, 790 (2001) ("We find the language and mandate of [section 11-13-8 of the Municipal Code] to be clear in requiring that notice be given in all declaratory actions to invalidate zoning, *without exception*." (Emphasis added.)).

The plaintiffs therefore argue, just as they did before the circuit court, that compliance with section 11-13-8 of the Municipal Code (65 ILCS 5/11-13-8 (West 2008)) was not necessary as their action was brought pursuant to section 11-13-25 of the Municipal Code (65 ILCS 5/11-13-25 (West 2008)). The plaintiffs contend, as they did below, that section 11-13-25 (65 ILCS 5/11-13-25 (West 2008)) creates an independent cause of action for *de novo* judicial review of municipal zoning decisions, to which section 11-13-8 notice requirements do not apply (see 65 ILCS 5/11-13-8 (West 2008)). The plaintiffs argue that the circuit court's finding to the contrary was erroneous. We disagree.

---

person or by registered mail, return receipt requested, on the owners *** of all property within 250 feet in each direction of the location for which the variation or special use is requested." 65 ILCS 5/11-13-7 (West 2008).

We begin by noting that since the circuit court's dismissal of the plaintiffs' cause of action, and prior to the plaintiffs' filing of this appeal, in *Dunlap v. Village of Schaumburg*, 394 Ill. App. 3d 629, 639 (2009), this appellate court specifically considered and rejected the argument that section 11-13-25 of the Municipal Code (65 ILCS 5/11-13-25 (West 2008)) creates an independent cause of action for challenging zoning decisions.[7]

In that case, a property owner sued the Village of Schaumburg, challenging the village's decision to issue a zoning variance to neighboring homeowners to permit them to build a patio room in the back of their house, against the village zoning's ordinance requiring homeowners to maintain a 30-foot backyard. *Dunlap*, 394 Ill. App. 3d at 630. The property owner in *Dunlap*, initially brought her action pursuant to section 11-13-15 of the Municipal Code (65 ILCS 5/11-13-15 (West 2006)), which empowers private landowners under certain circumstances to bring suit to prevent unlawful land usage. *Dunlap*, 394 Ill. App. 3d at 632. In the alternative, just as the plaintiff here, the property owner in *Dunlap* sought to proceed with her challenge to the variance pursuant to section 11-13-25 of the Municipal Code (65 ILCS 5/11-13-25 (West 2008)), contending that it "provide[d] her [with] an independent right of action against the Village that is

---

[7]We note that the plaintiffs have not even attempted to distinguish the holding in *Dunlap*, which outright rejects their claim that section 11-13-25 of the Municipal Code (65 ILCS 5/11-13-25 (West 2008)) creates an independent cause of action for challenging zoning amendments. Nor do the plaintiffs, for that matter, even cite to *Dunlap* in their initial brief, even though, as noted above, that case had been published at the time of the filing of their appeal. The plaintiffs have also not filed a reply brief.

not subject to the restrictions on suit under section 11-13-15." *Dunlap*, 394 Ill. App. 3d at 639.

The circuit court granted summary judgment in favor of the Village of Schaumburg, and the appellate court affirmed. *Dunlap*, 394 Ill. App. 3d at 638. In doing so, the appellate court specifically rejected the notion that section 11-13-25 of the Municipal Code (65 ILCS 5/11-13-25 (West 2008)) provides an independent cause of action by which a plaintiff can challenge a zoning amendment or variance. The appellate court held that section 11-13-25 was not intended to "expand [a] private landowners' right to take judicial action against municipal zoning decisions, but rather to clarify that when such challenges are properly made, the decisions are to be reviewed under the standards for legislative rather than administrative actions." *Dunlap*, 394 Ill. App. 3d at 642. The court in *Dunlap* therefore concluded that section 11-13-25 "affords [the plaintiff] *no independent or expanded right of suit*," and that the plaintiff's "cause of action against [the Village of Schaumburg] must therefore fail." (Emphasis added.) *Dunlap*, 394 Ill. App. 3d at 642.

In reaching this conclusion, the appellate court in *Dunlap* explained that section 11-13-25 of the Municipal Code was amended by the General Assembly in 2006 in response to the Illinois Supreme Court's decision in *People ex rel. Klaeren v. Village of Lisle*, 202 Ill. 2d 164 (2002). In *Klaeren*, the residents of the Village of Lisle challenged the zoning board's decision to grant a special use permit to Meijer, Inc., to build a retail store in the village. *Klaeren*, 202 Ill. 2d at 167. The *Klaeren* court faced the question of whether this decision should be reviewed as a legislative or an administrative (*i.e.*, quasi-judicial) decision, since the standards of review for each are different. See *Dunlap*, 394 Ill. App. 3d at 640 (citing *Klaeren*, 202 Ill. 2d at 167). While legislative decisions made by municipalities are generally subject to review only " 'for arbitrariness

as a matter of substantive due process,' " and will be upheld if they represent a rational means to accomplish a legitimate purpose, administrative or quasi-judicial decisions are subject to a heightened level of judicial scrutiny, requiring a reviewing court to determine not only whether the zoning decision is arbitrary, but also whether it "was made in compliance with [the] criteria in the zoning ordinance based upon the facts in the record." *Dunlap*, 394 Ill. App. 3d at 640-41 (quoting *City of Chicago Heights v. Living Word Outreach Full Gospel Church & Outreach Ministries, Inc.*, 196 Ill. 2d 1, 14 (2001) and *Millineum Maintenance Management, Inc., v. County of Lake*, 384 Ill. App. 3d 638, 647 (2008)).

In *Klaeren,* our supreme court found that zoning decisions concerning special use permits were administrative decisions and therefore required a heightened level of scrutiny to protect the due process rights of the interested property owners. *Dunlap*, 394 Ill. App. 3d at 641 (citing *Klaeren*, 202 Ill. 2d at 183). On the other hand, *Klaeren* found that all other zoning amendment decisions fell under legislative decisions and were subject only to rational basis review. *Dunlap*, 394 Ill. App. 3d at 641 (citing *Klaeren*, 202 Ill. 2d at 183).

As the appellate court in *Dunlap* noted, in response to the *Klaeren* decision, in 2006, the Illinois legislature enacted an amendment to section 11-13-25 of the Municipal Code, in order to define every " 'special use, variance, rezoning, or other amendment to a zoning ordinance' " as a legislative act rather than as an administrative act for purposes of review. *Dunlap*, 394 Ill. App. 3d at 641 (quoting 65 ILCS 5/11-13-25(a) (West 2006)). In doing so, the legislature "[did] away with any distinction in the standard of review between variances and other forms of zoning ordinance amendments." *Dunlap*, 394 Ill. App. 3d at 641. Accordingly, the *Dunlap* court found

14

that section 11-13-25 of the Municipal Code does not afford private property owners an independent cause of action to challenge any type of zoning ordinance amendments. *Dunlap*, 394 Ill. App. 3d at 642 (citing 65 ILCS 5/11-13-25(a) (West 2006)).

The rationale of the appellate court in *Dunlap* was recently reaffirmed by this appellate court's decision in *Condominium Ass'n of Commonwealth Plaza v. City of Chicago*, 399 Ill. App. 3d 32, 47-48 (2010). In that case, the plaintiffs sought to invalidate a zoning amendment that allowed construction on a hospital campus, alleging that the amendment violated their due process rights. *Condominium Ass'n of Commonwealth Plaza*, 399 Ill. App. 3d at 33-34. Although the plaintiffs purported to bring suit pursuant to section 11-13-25 of the Municipal Code (65 ILCS 5/11-13-25 (West 2008)), the appellate court, found, consistently with *Dunlap*, that the sole purpose of section 11-13-25 was to clarify the standard that applies to judicial review of zoning decisions. *Condominium Ass'n of Commonwealth Plaza*, 399 Ill. App. 3d at 47.

We agree with the rationale of *Dunlap* and *Condominium Ass'n*, and find that under the principles articulated therein, the plaintiffs here are without an independent cause of action to challenge the amendment to the zoning ordinance. See *Dunlap*, 394 Ill. App. 3d at 641-42; see also *Condominium Ass'n of Commonwealth Plaza*, 399 Ill. App. 3d at 47.

The plaintiffs nevertheless assert that even if they have no independent cause of action pursuant to section 11-13-25 of the Municipal Code (65 ILCS 5/11-13-25 (West 2008)), the notice requirements of section 11-13-8 (65 ILCS 5/11-13-8 (West 2008)) would nevertheless not apply to their cause of action because their amended complaint sought more than "declaratory relief." The plaintiffs specifically argue that their amended complaint requested relief "over and

above declaratory relief, including, but not limited to, *de novo* judicial review with respect to the question of whether [the] City Council's decision was 'arbitrary and capricious' as well as whether an amendment to the [zoning ordinance] violates a series of longstanding injunctions entered by the Illinois Supreme Court in [*City of Chicago v. Ward*, 169 Ill. 392 (1897), and its progeny ('*Ward* cases')]." We disagree.

We initially note that the plaintiffs' contention that the aforementioned additional relief sought "does not fall within the purview of declaratory relief" is made without any citation to relevant authority to support the contention that such relief is unavailable though a declaratory judgment action. It is axiomatic that in order not to waive an issue for purposes of appeal, a party must support its arguments with citation to relevant authority. See Ill. S. Ct. R. 341(h)(7) (eff. Sept. 1, 2006) (a point raised in a brief but not supported by citation to relevant authority fails to satisfy the requirements of Supreme Court Rule 347(h) and is forfeited); see also *County of McHenry v. Thoma*, 317 Ill. App. 3d 892 (2000). In addition, we note that in pointing out this additional relief sought in their second amended complaint, the plaintiffs nowhere in their brief provide a citation to the record pinpointing where in the amended complaint such additional relief is sought. See Ill. S. Ct. R. 341(h) (6) (eff. Sept 1, 2006) (an appellant's statement of facts must include the "facts necessary to an understanding of the case" accompanied by "appropriate reference to the pages of the record on appeal *** or to the pages of the abstract").

In fact, a careful review of the record reveals that the plaintiffs mischaracterize their amended complaint. The record reveals that with respect to the relief sought, the plaintiffs' amended complaint clearly and solely requests that, "the court *enter a finding* that the June 11,

16

No. 1-09-2584

2008, adoption of the Amendment to Institutional/Transportation Planned Development No. 677 was arbitrary, capricious, unconstitutional, unreasonable and without justification in law or in fact." Nowhere in the amended complaint do the plaintiffs request any specific relief with respect to their allegations that the zoning amendment was arbitrary and capricious (*i.e.*, that it was unconstitutional) or that it violated the *Ward* cases, "over and above" their request for a "finding" that the zoning amendment was invalid. The plaintiffs nowhere in their amended complaint request an injunction pursuant to the *Ward* cases to prohibit the proposed planned development by the defendants, as they would presumably have as infer they did below. In fact, the *Ward* cases are mentioned in the plaintiffs' amended complaint only in the context of the plaintiffs' statement of facts, and are never later mentioned in either their argument section or in the plaintiffs' request for relief. Accordingly, the plaintiffs cannot in good conscience claim that the relief they sought in their amended complaint fell outside the purview of "declaratory relief." See *e.g.*, *Michigan Boulevard Building Co. v. City of Chicago*, 412 Ill. 350, 351-52 (1952) (noting that the plaintiff sought "declaratory judgment" that a proposed park district project violated the *Ward* injunctions); *City Suites*, 325 Ill. App. 3d at 784 (noting that the plaintiff's complaint sough declaratory judgment that a zoning amendment was unconstitutional).

### III. CONCLUSION

Accordingly, for the aforementioned reasons, we find that the plaintiffs' failure to comply with the notice requirements of section 11-13-8 of the Municipal Code (65 ILCS 5/11-13-8 (West 2008)) was fatal to their amended complaint.

We therefore affirm the finding of the circuit court.

17

Affirmed.