# ILLINOIS OFFICIAL REPORTS

## Appellate Court

### *Musicus v. First Equity Group, LLC*, 2012 IL App (3d) 120068

| | |
|---|---|
| Appellate Court Caption | RAPHAEL J. MUSICUS, Plaintiff-Appellant, v. FIRST EQUITY GROUP, LLC, and THE CITY OF KEWANEE, Defendants-Appellees (CVS Pharmacy, Inc., Defendant). |
| District & No. | Third District<br>Docket No. 3-12-0068 |
| Filed | November 26, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant real estate developer's motion to dismiss plaintiff's action alleging that proper notice was not given with regard to an application for rezoning and a special use permit for property near plaintiff's property was improperly granted, since the developer's attempt to provide notice was not reasonably calculated to provide plaintiff with notice of the public hearing. |
| Decision Under Review | Appeal from the Circuit Court of Henry County, No. 11-L-10; the Hon. Ted J. Hamer, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part; cause remanded. |

Counsel on
Appeal

Raphael J. Musicus, of Glenview, appellant *pro se*.

Richard A. Cowen and Eric J. Malnar, both of Stahl Cowen Crowley Addis LLC, of Chicago, and Justin M. Raver, of Barash & Everett, LLC, of Kewanee, for appellee First Equity Group, LLC.

Ellen K. Emery and Tiffany Nelson-Jaworski, both of Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, of Chicago, and John Blachinsky, of Blachinsky Law Office, of Kewanee, for appellee City of Kewanee.

Panel

JUSTICE CARTER delivered the judgment of the court, with opinion.

Justices Lytton and McDade concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiff, Raphael J. Musicus, brought suit against First Equity Group, LLC (First Equity), CVS Pharmacy, Inc. (CVS), and the City of Kewanee (City) for damages and other relief relating to the City's grant of First Equity's application for rezoning of certain real property and a special use permit. Plaintiff's main allegation in the complaint was that notice of the public hearing on the application was deficient. All three defendants filed motions to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2010)), alleging that notice was proper. After a hearing, the trial court granted the motions to dismiss of First Equity and the City (collectively referred to as defendants) and denied the motion to dismiss of CVS. Plaintiff appeals. We affirm the trial court's grant of the City's motion to dismiss and reverse the trial court's grant of First Equity's motion to dismiss.

¶ 2                                    FACTS

¶ 3 Plaintiff lived in Wilmette, Illinois, and owned certain commercial property on Main Street in Kewanee, Henry County, Illinois, that was leased to CVS. Kewanee was a municipality with a population of less than 500,000 people. On January 5, 2010, First Equity, the real estate developer for CVS, filed with the City an application for rezoning and a request for a special use permit as to certain real property (the subject property) located within 250 feet of plaintiff's property. In the application, First Equity sought, among other things, to rezone the subject property for commercial use and to obtain a special use permit that would allow for the sale of alcohol on the subject property so that First Equity could build a new CVS pharmacy at that location. As part of the requirements of the application

package, First Equity provided the City with a list of the property owners of all of the properties within 300 feet of the subject property (the affected property owners), which was obtained from the county assessor's office. On the list, the owner of plaintiff's property was set forth as "Osco 18-825, % Raphael J. Misicus [*sic*] #8691-01," with an address of "CVS Pharmacy Inc; Store Acct Dept[,] One CVS Drive[,] Woonsocket[,] RI 02895."[1]

¶ 4     After receiving the application, the City scheduled a public hearing for January 28, 2010, before the Kewanee plan commission regarding the rezoning application. The City published legal notice on January 9, 2010, in Henry County's Star Courier newspaper. Among other things, the notice indicated that a public hearing was going to be held on the rezoning application on January 28 and that any interested person could be present and would have an opportunity to be heard. On January 13, 2010, the City also sent notice to all of the affected property owners by mail, using the addresses that had been provided by First Equity from the property-tax records. The City's notice, however, omitted the percent sign and the words, "CVS Pharmacy, Inc." and "Store Acct Dept."

¶ 5     Plaintiff did not receive the notice that was mailed to the address listed in the tax records and did not attend the January 28 hearing. After the hearing, First Equity's application was approved by the Kewanee plan commission.

¶ 6     In December 2010, plaintiff filed suit in Cook County against First Equity, CVS, and the City, alleging that he did not receive the requisite notice of the rezoning application and that the grant of rezoning and special use was void. Plaintiff sought damages and other relief. The suit was transferred to Henry County, and the City and First Equity filed section 2-619 motions to dismiss, alleging that the notice that was given was proper.[2] After a hearing, the trial court granted the motions. Plaintiff appealed.

¶ 7                                       ANALYSIS

¶ 8     On appeal, plaintiff argues that the trial court erred in granting defendants' section 2-619 motions to dismiss the complaint. Plaintiff asserts that the motions should not have been granted because: (1) defendants' claim of proper notice was not a valid basis for a section 2-619 dismissal; (2) the method of notice used in the present case was deficient; and (3) defendants failed to satisfy the statutory and local standards for obtaining a special use permit. Defendants argue that the trial court's ruling was proper and should be affirmed.

¶ 9     Section 2-619 of the Code allows a litigant to obtain an involuntary dismissal of an action or claim based upon certain defects or defenses. See 735 ILCS 5/2-619 (West 2010). The statute's purpose is to provide litigants with a method for disposing of issues of law and easily proven issues of fact early in a case, often before discovery has been conducted. See *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003); *Advocate Health & Hospitals Corp. v. Bank One, N.A.*, 348 Ill. App. 3d 755, 759 (2004). In a section 2-619 proceeding, the moving party admits the legal sufficiency of the complaint, but asserts an affirmative

---

[1]The information on the printed list was in all capital letters.

[2]As noted above, CVS also filed a motion to dismiss, which was denied.

defense or other matter to defeat the nonmoving party's claim. *Van Meter*, 207 Ill. 2d at 367. Section 2-619 lists several different grounds for which an involuntary dismissal may be granted. See 735 ILCS 5/2-619(a)(1) to (a)(9) (West 2010). Under subsection (a)(9), the subsection that applies in this case, a litigant may obtain an involuntary dismissal of a claim asserted against him if the claim is barred by other affirmative matter, which avoids the legal effect of or defeats the claim. 735 ILCS 5/2-619(a)(9) (West 2010). An "affirmative matter" is something in the nature of a defense which negates the cause of action completely. *Van Meter*, 207 Ill. 2d at 367. In ruling upon a section 2-619 motion to dismiss, the court must construe all of the pleadings and supporting documents in the light most favorable to the nonmoving party. *Van Meter*, 207 Ill. 2d at 367-68. On appeal, a dismissal pursuant to section 2-619 is reviewed *de novo*. *Van Meter*, 207 Ill. 2d at 368.

¶ 10    In support of his argument on appeal, plaintiff first asserts that a claim of proper notice under the Illinois Municipal Code (Code) (65 ILCS 5/1-1-1 *et seq.* (West 2010)) is not a valid basis for a section 2-619 dismissal. However, as defendants correctly note, such a dismissal has been upheld by the appellate court in other cases in which similar notice issues were involved. See, *e.g.*, *Figiel v. Chicago Plan Comm'n*, 408 Ill. App. 3d 223, 235 (2011) (dismissal of landowner's suit based on failure to comply with notice requirements); *La Salle National Bank v. City Suites, Inc.*, 325 Ill. App. 3d 780, 790 (2001) (same). Therefore, we disagree with plaintiff's initial assertion and find that under the appropriate circumstances, a claim of proper notice under the Code is a valid basis for a section 2-619 dismissal. See *Figiel*, 408 Ill. App. 3d at 235; *La Salle National Bank*, 325 Ill. App. 3d at 790.

¶ 11    Plaintiff's next assertion in support of his argument on appeal is that the method of notice used in the present case was deficient because: (1) it was not in compliance with the direct notice requirement of section 11-13-7 of the Code; and (2) under the totality of the circumstances, it was not reasonably calculated to actually notify plaintiff of the scheduled public hearing. In making that assertion, plaintiff notes that his home address was set forth in his lease agreement with CVS and that the lease agreement required CVS to send all notices to him at that address. Plaintiff asserts further that First Equity, as CVS's agent, would have been aware of that address and should have provided it to the City to be used as the address for notice. Plaintiff also contends that the trial court failed to apply the notice requirement of section 11-13-7 of the Code, which specifically references special use requests and, instead, erroneously applied the notice requirement of section 11-13-6, which makes no mention of, and has no application to, special use requests.

¶ 12    Section 11-13-1.1 of the Code requires that a public hearing be held before a request for a special use permit is granted. 65 ILCS 5/11-13-1.1 (West 2010). Prior notice of the public hearing must be given as provided in either section 11-13-6 or section 11-13-7 of the Code, depending on the population of the municipality involved. See 65 ILCS 5/11-13-1.1, 11-13-6, 11-13-7 (West 2010). If the municipality has less than 500,000 people, the notice requirement of section 11-13-6 applies, and a notice of the public hearing must be published in an appropriate newspaper at least one time not more than 30 days nor less than 15 days before the public hearing. See 65 ILCS 5/11-13-6 (West 2010).

¶ 13    However, if the municipality has 500,000 or more people, the notice requirement of section 11-13-7 applies, and a more specific and formal notice procedure must be followed.

See 65 ILCS 5/11-13-7 (West 2010). Section 11-13-7 requires that: (1) the applicant serve notice of the public hearing on the owners of record of all of the properties within 250 feet of the subject property either in person or by certified mail not more than 30 days before filing the application; (2) the applicant provide to the board of appeals a list of the names and addresses of those owners of record and a written statement certifying that he has complied with the requirements of section 11-13-7; and (3) the board of appeals send written notice to those owners of record not more than 30 days nor less than 15 days before the public hearing. 65 ILCS 5/11-13-7 (West 2010).

¶ 14    In addition to the notice requirements of the Code, the notice requirement of procedural due process must also be considered. In a case involving a city's adoption of a comprehensive zoning map amendment, the Illinois Supreme Court held that notice of the public hearing by newspaper publication violated the procedural due process rights of the affected property owners, even though notice by publication was all that was required under the applicable section of the Code and was made in strict compliance with that section. See *Passalino v. City of Zion*, 237 Ill. 2d 118, 127-29 (2009). The supreme court held that to satisfy the requirements of procedural due process, the manner of giving notice must be reasonably calculated, under all of the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections. See *Passalino*, 237 Ill. 2d at 127-30 (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 309-20 (1950)). In that particular case, notice by publication was inadequate because the names and addresses of the affected property owners were known or easily ascertainable and, thus, notice by publication was not reasonably calculated to apprise the affected property owners of the public hearing. *Passalino*, 237 Ill. 2d at 127-28. The supreme court went on to state that one of the reasonable actions that the city could have taken in that case was to review the records of the county collector and to mail notices of the public hearing to the taxpayers of record for each of the affected properties. *Passalino*, 237 Ill. 2d at 128.

¶ 15    Having set forth the law on this issue, we turn now to the specific facts of this case as they pertain to notice. When we view those facts in light of the Code requirements and *Passalino*, we must conclude that the method of notice used in the present case was sufficient as to the City but not sufficient as to First Equity. In reaching that conclusion, we reject plaintiff's assertion that the notice requirement of section 11-13-7 of the Code applies in this case. By its own language, section 11-13-7 only applies when the municipality involved has a population of 500,000 or greater, which is not the situation in the instant case. See 65 ILCS 5/11-13-7 (West 2010). Although section 11-13-6 of the Code does not specifically reference special use requests, section 11-13-1.1 specifically states that the requirements of section 11-13-6 are to be applied to special use requests. 65 ILCS 5/11-13-1.1, 11-13-6 (West 2010).

¶ 16    Therefore, as to the City, the notice requirements of the Codes and *Passalino* were satisfied. In strict compliance with section 11-13-6 of the Code, notice of the public hearing was provided by newspaper publication to all of the affected property owners of record within the time frame required. See 65 ILCS 5/11-13-6 (West 2010). In addition, in compliance with *Passalino*, notice of the public hearing was mailed to all of the affected property owners of record as determined from the county's property tax records. See

*Passalino*, 237 Ill. 2d at 127-29.

¶ 17    However, as to First Equity, the notice requirements of *Passalino* were not satisfied. As alleged in plaintiff's complaint, First Equity was the real estate developer for, and agent of, CVS. That allegation must be taken as true for the purpose of this motion. See *Van Meter*, 207 Ill. 2d at 367-68. As CVS's agent, First Equity could have easily verified plaintiff's home address as set forth in the lease. First Equity could not rely on the tax records, which listed CVS as the owner of the property, and direct that notice be sent to an address that clearly indicated it was merely the location of another CVS property out of state. Under the circumstances of the present case, First Equity's efforts at notice were not reasonably calculated to actually apprise plaintiff of the scheduled public hearing. See *Passalino*, 237 Ill. 2d at 127-28. First Equity's claim of proper notice, therefore, must be rejected.

¶ 18    As for plaintiff's final assertion in support of his argument on appeal–that the statutory requirements for obtaining a special use permit were not satisfied–that assertion is not properly before this court and should have been raised in a complaint for administrative review of the plan commission's decision.

¶ 19    For the foregoing reasons, we affirm the grant of the City's section 2-619 motion to dismiss, reverse the grant of First Equity's section 2-619 motion to dismiss, and remand this case for further proceedings consistent with this opinion.

¶ 20    Affirmed in part and reversed in part; cause remanded.